**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

KENNETH S. FERGUSON,

Plaintiff,

v.

UNITED STATES ATTORNEY GENERAL
TODD BLANCHE,

Defendant.

CAUSE NO.: 2:26-CV-325-TLS-APR

### OPINION AND ORDER

On July 17, 2026, the pro se Plaintiff Kenneth S. Ferguson filed a Complaint [ECF No. 1] in the instant action.[1] This matter is before the Court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Forma Pauperis and dismisses without prejudice the Plaintiff's Complaint for failure to state a claim.

### DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of

---

[1] The Plaintiff has also filed the following lawsuits in the United States District Court for the Northern District of Indiana: *Ferguson v. Marion Police Department*, 1:20-CV-305-HAB-SLC; *Ferguson v. Biddle*, 2:26-CV-167-JTM-JEM; *Ferguson v. State of Indiana*, 2:26-CV-277-TLS-JEM; *Ferguson v. Biddle*, 2:26-CV-324-GSL-AZ; *Ferguson v. State of Indiana*, 2:26-CV-326-TLS-JEM.

costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Complaint, brought against the United States Attorney General, asserts a vague request for the return of the Plaintiff's property in all his unidentified previous federal, state, and local case filings and to have prior convictions expunged. He alleges generally that he has been racially targeted for years and that national security is jeopardized. The Plaintiff requests the appointment of a special judge and an emergency hearing. He also asks that these files be redacted. The Plaintiff attached to the Complaint the first page of a complaint he filed with this

Court against Joseph Biddle of the Marion Police Department in Cause Number 2:26-CV-167. The Plaintiff's Complaint does not allege any specific facts to state a claim for relief against the United States Attorney General. Generally, if the Plaintiff is seeking relief related to a separate lawsuit, he must seek relief within that separate lawsuit by filing a motion or other appropriate filing.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until August 21, 2026, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended complaint by the deadline, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until August 21, 2026, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if he does not respond by the deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on July 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3